# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BOTIR B., | Case No. 26-cv-130 (LMP/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *in her official capacity as Attorney General of the United States*; KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; TODD M. LYONS, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

Petitioner Botir B. is a native and citizen of Uzbekistan who entered the United States in November 2022. *See* ECF No. 1 ¶ 1. Upon his entry into the United States, Botir B. was arrested and detained by immigration officials. *Id.* ¶ 3. In December 2022, Botir B. was released from immigration custody under an order of release on his own recognizance. *Id.* However, Botir B. was again arrested by immigration officials on January 8, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶ 7. Botir B. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *See id.* ¶ 8. Botir B. alleges that he is not

subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶¶ 8–12.

This Court has concluded that noncitizens similarly situated to Botir B. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Botir B. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring Respondents (the "Government") to conduct a bond hearing. *See* ECF No. 1 at 23.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to the Petition for a Writ of Habeas Corpus (ECF No. 1) on or before Wednesday, January 14, 2026, certifying the true cause and proper duration of Botir B.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Botir B.'s detention in light of the issues raised in his Petition;

    b. A reasoned memorandum of law and fact explaining the Government's legal position on Botir B.'s claims;

    c.    The Government's recommendation on whether an evidentiary hearing should be conducted; and

    d.    A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* or *Victor Hugo D. P.*

3.    If Botir B. intends to file a reply to the Government's answer, he must do so on or before Friday, January 16, 2026;

4.    No further submissions from either party will be permitted except as authorized by Court order;

5.    The Government is **ORDERED** to provide notice to Botir B. and this Court of its intention to move Botir B. outside this District no less than 72 hours before any such movement is to be effectuated; and

6.    The Government is **ORDERED** not to remove Botir B. from the United States during the pendency of these proceedings.

Dated: January 9, 2026  
Time: 2:23 p.m.

        *s/Laura M. Provinzino*  
        Laura M. Provinzino  
        United States District Judge