UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BOTIR B.,

        Petitioner,

v.

PAMELA BONDI, *in her official capacity as Attorney General of the United States*; KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; TODD M. LYONS, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

        Respondents.

Case No. 26-cv-130 (LMP/DJF)

**ORDER GRANTING HABEAS PETITION**

---

Graham Blair Ojala-Barbour, **Ojala-Barbour Law Firm, St. Paul, MN**, for Petitioner.

Ana H. Voss and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

      Petitioner Botir B. is a native and citizen of Uzbekistan who entered the United States in November 2022. *See* ECF No. 1 ¶ 1. Upon his entry into the United States, Botir B. was arrested and detained by immigration officials. *Id.* ¶ 3. In December 2022, Botir B. was released from immigration custody under an order of release on his own recognizance. *Id.* However, Botir B. was again arrested by immigration officials on

January 8, 2026, and remains in the custody of United States Immigration and Customs Enforcement ("ICE"). *See id.* ¶ 7.

Botir B. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *See id.* ¶ 8. Botir B. alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶¶ 8–12. Botir B. accordingly petitioned for a writ of habeas corpus, contending that he falls within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a). *See generally* ECF No. 1. On January 9, 2026, the Court ordered the Government to answer the petition no later than January 14, 2026. ECF No. 3. The Government responded, arguing that Botir B. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 6 at 1; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). The Government candidly admits that there is no material distinction between this case and those cases. ECF No. 6 at 10 n.2. Accordingly, the Court adopts the

same reasoning here and concludes that Botir B. is entitled to a bond hearing under Section 1226(a).[1]

There is one final matter.  In the Court's January 9, 2026 show-cause order, which was filed at 2:23 p.m., the Court ordered the Government to provide Botir B. and this Court with 72-hour notice of any intention to move Botir B. outside of the District of Minnesota. ECF No. 3 at 3.  The Government admits, however, that Botir B. was transferred to a detention facility in Texas on January 9, 2026.  ECF No. 7 ¶ 10.  The Government does not disclose the time at which Botir B. was moved outside of this District, but if Botir B.'s transfer occurred after 2:23 p.m. on January 9, the Government would have violated this Court's show-cause order.

The Government represents that ICE was unaware of the Court's show-cause order at the time Botir B. was transferred to Texas.  *Id.*  That is beside the point: a judicial order generally becomes effective "when filed and docketed."  *Georcely v. Ashcroft*, 375 F.3d 45, 48 (1st Cir. 2004).  The Court's show-cause order was filed and docketed on January 9 at 2:23 p.m., and it became effective and enforceable at that time.

Perhaps recognizing that it may have just violated a federal court order, the Government states that it is in the process of returning Botir B. to Minnesota on the next flight back to Minnesota this Friday, January 16, 2026.  ECF No. 7 ¶ 10.  Given the Government's proactive efforts to rectify the situation and return Botir B. to Minnesota,

---

[1]  The Court allowed Botir B. to file a reply brief no later than January 16, 2026.  ECF No. 3 at 3.  But the Government's response plainly demonstrates that Botir B. is entitled to relief.  Finding no just cause for delay, the Court enters this Order now.

3

the Court will take no further action at this time to investigate the Government's potential noncompliance with the Court's show-cause order. However, the Court reminds the Government that by speedily sweeping up and removing noncitizens from Minnesota, the Government runs the risk of violating federal court orders restraining the transfer of those noncitizens outside of this District. Those actions have consequences. *See* 18 U.S.C. § 401(3).

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Botir B.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Court **DECLARES** that Botir B. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

    b. The Government is ordered to provide Botir B. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than January 22, 2026.

    c. If the Government does not provide Botir B. with a bond redetermination hearing as required by this Order, he must be immediately released from detention.

    d. No later than January 23, 2026, the Government shall provide the Court with a status update concerning (1) the results of any bond hearing

4

conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Botir B.'s release, and (2) whether Botir B. has been returned to Minnesota. If Botir B. has not been returned to Minnesota by January 23, 2026, the Government must provide a date certain by which Botir B. will be returned to Minnesota, which in any event shall not be later than January 30, 2026.[2]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 15, 2026                         *s/Laura M. Provinzino*
                                                Laura M. Provinzino
                                                United States District Judge

---

[2] Botir B. sought several other forms of relief in his habeas petition. To the extent that Botir B. seeks immediate release from custody, ECF No. 1 at 23, that request is denied. *See Roberto M. F.*, 2025 WL 3524455, at *5. Additionally, the Court need not adjudicate Botir B.'s APA and constitutional claims, ECF No. 1 ¶¶ 53–59, 63–66, given that the Court has ruled for Botir B. on his statutory claim. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).