# UNITED STATES DISTRICT COURT
## District of Minnesota

Botir Bahodirovich Bagirov,

Petitioner,

v.

Pamela Jo Bondi, Kristi Noem, Todd Lyons, David Easterwood,

Respondents.

**JUDGMENT IN A CIVIL CASE**

Case Number: 26-cv-00130-LMP-DJF

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Botir B.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED as follows:

a. The Court DECLARES that Botir B. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

b. The Government is ordered to provide Botir B. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than January 22, 2026.

c. If the Government does not provide Botir B. with a bond redetermination hearing as required by this Order, he must be immediately released from detention.

d. No later than January 23, 2026, the Government shall provide the Court with a status update concerning (1) the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Botir B.'s release, and (2) whether

Botir B. has been returned to Minnesota. If Botir B. has not been returned to Minnesota by January 23, 2026, the Government must provide a date certain by which Botir B. will be returned to Minnesota, which in any event shall not be later than January 30, 2026.[2]

Date: 1/16/2026

KATE M. FOGARTY, CLERK

---

[2] Botir B. sought several other forms of relief in his habeas petition. To the extent that Botir B. seeks immediate release from custody, ECF No. 1 at 23, that request is denied. See Roberto M. F., 2025 WL 3524455, at *5. Additionally, the Court need not adjudicate Botir B.'s APA and constitutional claims, ECF No. 1 ¶¶ 53–59, 63–66, given that the Court has ruled for Botir B. on his statutory claim. See United States v. Turechek, 138 F.3d 1226, 1229 (8th Cir. 1998).